# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE VARELA, JR.,

        Plaintiff,

vs.

ROPP, *et al.*,

        Defendants.

Case No. 2:10-cv-02030-KJD-GWF

**ORDER**

Motion to Proceed *In Forma Pauperis* (#1)

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* and Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1), filed November 19, 2010.

## DISCUSSION

**I.   Prison Litigation Reform Act of 1995 - Fees**

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, the district court is required to assess a fee where a prisoner is granted leave to proceed *in forma pauperis* in a civil action, and the prison officials are required to collect and remit the money to the court. *See* 28 U.S.C. § 1915(b)(1)-(2). Pursuant to the IFP Motion Financial Certificate, a plaintiff must pay a filing fee of $350.00. If the plaintiff does not have $350.00, the plaintiff will not be allowed to proceed with the action until the plaintiff pays the appropriate fees. The plaintiff will be required to pay either 20% of the average monthly balance or 20% of the average monthly deposits, whichever is greater. Furthermore, the plaintiff will be required to pay installments of 20% of the preceding month's deposits to the account in months that the account balance exceeds $10.00.

Plaintiff attached a Financial Certificate to his application. After viewing the statement, the Court finds that Plaintiff does not have $350.00 in his account to pay the filing fee; Plaintiff's current

account balance is $0.07. The Court further finds that Plaintiff's average monthly balance is $0.07, and Plaintiff's average monthly deposits are $6.67. As a result, after reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.

**II.    Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265,

286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff claims that his civil rights were violated when police officers in Henderson, Nevada allegedly arrested him on false charges and unlawfully seized his truck, clothes and money. (#1-2). In August 2009, Plaintiff was stopped by a police officer for a traffic offense and subsequently arrested on charges of driving with an expired driver's license and possession of methamphetamine. (*Id.* at 3). The complaint states that these criminal charges were eventually dismissed, but the Henderson Police Department did not return Plaintiff's 2000 Ford Ranger, clothes and $150.00. (*Id.*)

Plaintiff further states that he "was illegally sued for his property," but the complaint does not elaborate further. (#1-2 at 10). The complaint does include a legal document from an action filed in the Eighth Judicial District Court of Nevada, Clark County entitled *City of Henderson v. One (1) 2000 Ford Ranger, VIN No. FTYR10C3YTB22130 and ONE HUNDRED FIFTY DOLLARS ($150.00) U.S. CURRENCY* (Nevada State Case No. A601182). (#1-2 at 12-15). The filing, entitled "Plaintiff City of Henderson's Reply to Claimant's Motion for Return of Seized Property and Suppression of Evidence," suggests that Plaintiff has previously litigated, in Nevada state court, the issue of whether his vehicle should be returned to him.

Based on the factual allegations above, Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. The Complaint states that Defendants Ropp[1] and Assistant Henderson City Attorneys Elizabeth Marias Gullin and Janette Reyes Speer violated Plaintiff's Fourth Amendment rights, as well as his Fifth and Fourteenth Amendment right to due process by seizing his vehicle without probable

---

[1] Plaintiff does not identify Defendant Ropp further in the complaint. (*See* #1-2). As a result, it is unclear to the Court who "Ropp" is and what role he/she played in the subject incident.

3

cause. As a result of the alleged violations, Plaintiff seeks the immediate return of his truck, money and clothes.

While Plaintiff may be seeking relief under § 1983, the relief he seeks appears to be an appeal of the Nevada state court's ruling in *City of Henderson v. One (1) 2000 Ford Ranger, VIN No. FTYR10C3YTB22130 and ONE HUNDRED FIFTY DOLLARS ($150.00) U.S. CURRENCY* (Nevada State Case No. A601182). United States District Courts do not have jurisdiction to hear appeals from state trial court rulings. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003). The Rooker–Feldman doctrine prevents the Court from considering claims that amount to a review of the state court's ruling. The Rooker–Feldman doctrine stems from two cases recognizing that under Article III of the Constitution Congress controls the jurisdiction of the "inferior Courts" it creates. *See* U.S. Const. art. III, § 1. In both of those cases, parties who had lost in state court attempted to invoke the jurisdiction of the United States District Court to appeal the state-court rulings. In both cases, the federal statutes applicable at the respective times did not give the United States District Court appellate jurisdiction over the respective controversies. *See D.C. Ct.App. v. Feldman*, 460 U.S. 462, 476–79 (1983) (holding that denial of admission to practice law was a judicial matter, not an administrative one, making any federal jurisdiction appellate, not original, and therefore the avenue for review of a ruling of the D.C. Court of Appeals was not to the United States District Court, but to the United States Supreme Court); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (holding that under the statutes in place at the time, an appeal from the Indiana Supreme Court could be taken only to the United States Supreme Court, not to the United States District Court, because the jurisdiction of the latter court was strictly original).

Presumably, Congress could create appellate jurisdiction over state-court rulings in the United States District Court. The question in this case, as it was in *Rooker* and *Feldman*, is whether Congress has done so. It has not. Plaintiff brings the case under § 1983, but this Court has no statutory jurisdiction to entertain *de facto* appeals of state trial court rulings any more than it has jurisdiction to entertain formal appeals of such rulings. *See, e.g., Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir.2008). The issue here (whether Plaintiff's property was seized unlawfully by state actors) must be litigated through the state courts because the issue appears to have been litigated previously in

Nevada state courts. *See Feldman*, 460 U.S. at 483 n. 16 (stating "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do."); *Reusser*, 525 F.3d at 859.

Based on the attachments to his complaint, Plaintiff appears to be asking the Court to decide that the state court erred in awarding his property to the City of Henderson, Nevada. If this issue was decided in the case of *City of Henderson v. One (1) 2000 Ford Ranger, VIN No. FTYR10C3YTB22130 and ONE HUNDRED FIFTY DOLLARS ($150.00) U.S. CURRENCY* (Nevada State Case No. A601182), Plaintiff must appeal the decision to the Nevada Supreme Court. If Plaintiff is attempting to appeal a state court ruling, the jurisdictional deficiencies cannot be cured by amendment. As the record is unclear from Plaintiff's complaint and attachments, however, the Court will grant Plaintiff leave to amend his complaint if he believes he can cure the deficiencies.

The screening of Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1) has been completed pursuant to 28 U.S.C. §1915A. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #67710), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of

1  Corrections, P.O. Box 7011, Carson City, NV 89702.

2  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-2).

3  **IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be **dismissed without prejudice** for failure to state a claim upon which relief can be granted.  Plaintiff shall have until **June 10, 2011** to file an amended complaint if he believes he can cure the deficiencies.  The Court notifies Plaintiff that failure to comply with this order may result in the dismissal of Plaintiff's complaint with prejudice.

DATED this 11th day of May, 2011.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**